Nicholas Gruber
186 Avram Avenue, apt 14
Rohnert Park, CA 94928
Plaintiff Pro Se
(347) 825-7488 Emergency cell

FILED
APR 19 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS GRUBER,            ) CASE NO: 17  2189 LB
                            )
    Plaintiff,              ) VERIFIED COMPLAINT FOR DAMAGES
                            )
    vs.                     ) VIOLATION OF 47 USC 227 et seq. TCPA;
                            )
ESTATE INFORMATION SERVICES,)
INC dba EIS Collections     ) DEMAND FOR TRIAL BY JURY
                            )
    Defendant.              )
                            )
                            )

## COMPLAINT PRELIMINARY STATEMENT

Plaintiff, Nicholas Gruber (hereinafter "GRUBER"), individually hereby sues Defendant ESTATE INFORMATION SERVICES, INC dba EIS COLLECTIONS (hereinafter "EIS"), for violations of the TCPA 47 USC §227.

This is an action for damages brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A), Telephone Consumer Protection Act (TCPA) 47 USC §227(b)(1)(A)(iii).

Plaintiff contends that the Defendant has violated the following laws by repeatedly, willfully and intentionally, calling Plaintiffs emergency cell phone.

VERIFIED COMPLAINT FOR DAMAGES                                          Page 1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. §1331, 47 U.S.C. §227(b)(3), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendants conduct business in the state of California and therefore, personal jurisdiction is established.

2. Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, "GRUBER" is a natural person and is a resident of Sonoma County, California.

4. Upon information and belief Defendant, ("EIS") is a Ohio INC, doing business in California, with Corporate Headquarters at 3435 Stelzer Road, Suite 320, Columbus, OH 43219.

## FACTUAL ALLEGATIONS

5. Plaintiff has no prior or present established relationship with the Defendant ("EIS").

6. Plaintiff first received a call on his emergency cell phone on April 1, 2015; from Defendant ("EIS"), who were calling regarding a City Visa, a consumer client of defendants, and they were calling regarding a past due balance City Visa claims Plaintiff owed to them.

7. Plaintiff informed the person on the phone that it was "GRUBERS" emergency cell phone number, and under no certain terms Defendant was instructed to not call Plaintiff again on Plaintiff's emergency cell phone.

8. Plaintiff has never given Defendant ("EIS") Plaintiff's cell phone number.

9. Plaintiff has never given Defendant ("EIS") express permission to call Plaintiff's cellular phone.

10. Plaintiff was charged for the call.

11. From April 1, 2015 to October 30, 2015, Defendant ("EIS") called "GRUBERS" cell phone; ignoring Plaintiffs demand not to call Plaintiffs cell phone, a total of 12 phone calls, 11 times after being instructed not to call Plaintiffs cell phone again.

12. These calls from ("EIS") to Plaintiffs emergency cell phone number were using automatic telephone dialing system.

13. The call from Defendant ("EIS") would come to Plaintiffs cell phone, when answered Plaintiff would say "hello". There is a pause. Then a person would come on the line. The call was not made by human hands.

14. Defendant ("EIS") called 12 times (4-1-2015, 4-17-2015, 4-18-2015, 6-26-2015, 7-1-2015, 7-24-2015, 7-29-2015, 8-5-2015, 8-13-2015, 8-26-2015, 10-05-2015, 10-30-2015 for a total of 12 phone calls).

15. Defendant ("EIS") calls continued after Plaintiff notified ("EIS") to stop. Defendant ("EIS") does not care, intentionally, willfully and knowingly violating the strict liability statute with malice, with disregard to the Plaintiff.

16. On all the above referenced calls to Plaintiffs cellular phone, Defendant ("EIS") trespassed on Plaintiff and Plaintiff incurred an injury as his peace was disturbed, Plaintiffs personal time was wasted, Plaintiff was charged for the call, Plaintiffs wear and tear of his emergency cell phone and wear of his battery incurred.

17. Plaintiff has Article III standing.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) AND §227(b)(1)(A)(iii) BY DEFENDANT ("EIS").

18.     Plaintiff's re-alleges and incorporates by reference the facts and allegations contained in the Paragraphs above as though fully set forth herein.

19.     This damage is for the calls from Defendant ("EIS") to Plaintiffs cell phone, for a total of 12 individual violations of statute. As a separate and distinct damage and cause of action, Defendant ("EIS") has demonstrated intentional and willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by violating strict liability statute; by the following.

47 U.S.C. §227(b)(1)(A) states in part;

(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

47 U.S.C. §227(b)(1)(A)(iii) states in part;

(1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

20.     Defendant ("EIS") has damaged Plaintiff by violations of 47 USC 227 as follows:

§ 227(b)(1)(A) using an automatic telephone dialing system to call cell phone.
§ 227(b)(1)(A) making a call without an emergency purpose.
§ 227(b)(1)(A) making a call without prior express (written) consent.
§ 227(b)(1)(A) making a call using automatic telephone dialing system.

§ 227(b)(3)(B) making a call without an established business relationship.
§ 227(b)(1)(A)(iii) making a call for which Plaintiff is charged for the call.

21. Plaintiff spoke with ("EIS"), notified ("EIS") not to call again. But ("EIS") refused to cease communication and continued to violate 47 USC §227.

22. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

23. Defendant ("EIS") has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's emergency cell number after being notified it was not their consumers phone number, and that promising not to further call or bother Plaintiff on his emergency cell phone. The call is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was intentional and willful.

24. Plaintiff and ("EIS") do not have within the meaning of 47 U.S.C. §227 (1) an established business relationship, (2) Plaintiff did not give ("EIS") his personal emergency cell phone number, (3) ("EIS") did not have express permission to call Plaintiffs emergency cell phone, (4) Plaintiff notified ("EIS") to stop calling Plaintiffs cell phone, (5) Plaintiff was charged for the call. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff demands judgment for damages against ("EIS") for statutory treble damages of $18,000.00 plus attorney's fees and costs, pursuant to 47 U.S.C §227.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

April 17, 2017

Respectfully submitted:

NICHOLAS GRUBER,
Plaintiff Pro Se

VERIFIED COMPLAINT FOR DAMAGES

Page 5

## VERIFICATION: OF NICHOLAS GRUBER

I, NICHOLAS GRUBER, declare as follows:

1. I am the Plaintiff in the above entitled matter.

2. I am of age, sound of mind and competent to testify to facts based on firsthand knowledge of above items so stated.

3. I have been damaged financially, socially and emotionally as a result of Defendant's unlawful actions and violations as stated in the attached complaint.

4. I have read the foregoing pleading and know the facts therein stated to be true and correct.

5. I declare, under penalty of perjury pursuant to the laws of California, that the foregoing is true and correct to the best of my knowledge, information and belief.

NICHOLAS GRUBER