UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS GRUBER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESTATE INFORMATION SERVICES INC,<br><br>　　　　Defendant. | Case No. 17-cv-02189-CW<br><br>MINUTE ORDER AND CASE MANAGEMENT ORDER<br><br>TIME: 8 minutes |

Deputy Clerk: Doug Merry　　　Reporter: Kathy Wyatt

Plaintiff: not present　Defendant Attorney: Alex Wade via CourtCall

　　A case management conference was held on: 8/15/17. The Case Management Statement and Proposed Order filed by the parties is hereby adopted by the Court as the Case Management Order for the case, except as may be noted below. The Court's standard Order for Pretrial Preparation, distributed at the conference, also applies.

| | |
|---|---|
| Magistrate Judge settlement conference deadline: | 10/14/17 |
| Deadline to add additional parties or claims: | 8/15/17 |
| Completion of Fact Discovery: | 3/19/18 |
| Disclosure of identities and reports of expert witnesses: | 4/2/18 |
| Completion of Expert Discovery: | 5/2/18 |
| Further case management conference, and all case-dispositive motions, to be heard at 2:30 P.M. on or before: | 6/12/18 |
| Final Pretrial Conference at 2:30 P.M. on: | 9/4/18 |
| A 2 day Jury Trial will begin at 8:30 A.M. on: | 9/24/18 |

**Discovery disputes** will be referred to a Magistrate Judge. After the parties have met and conferred, the parties shall prepare a joint letter of not more than 8 pages explaining the dispute. Up to 12 pages of attachments may be added. The joint letter must be electronically filed under the Civil Events category of "Motions and Related Filings >Motions-- General > Discovery Letter Brief." The Magistrate Judge to whom the matter is assigned will advise the parties of how that Judge intends to proceed. The Magistrate Judge may issue a ruling, order more formal briefing, or set a telephone conference or a hearing. After a Magistrate Judge has been assigned, all further discovery matters shall be filed pursuant to that Judge's procedures.

**Motions for Summary Judgment**: Absent permission from the Court, all case-dispositive motions in a case will be briefed and heard together, on the case-dispositive motion hearing cut-off date, or on an earlier available date agreed to by the parties. Multiple parties should file joint briefs if possible. If Plaintiffs wish to file a motion for summary judgment, they shall do so 6 weeks before the cut-off date. If Defendants wish to file a cross-motion as well as an opposition to the motion, any cross-motion shall be contained within the opposition to the motion, which may contain up to 25 pages in total, and shall be filed 14 days after the filing of the motion. The reply to the motion shall include the opposition to any cross-motion, may contain up to 15 pages in total, and shall be filed 7 days after the filing of the opposition. A reply to any cross-motion may contain up to 15 pages, and shall be filed 7 days after the filing of the opposition. If Plaintiffs do not file a motion for summary judgment, Defendants may file one 5 weeks before the case-dispositive motion hearing cut-off date and the schedule in Local Rule 7-3 shall apply. Courtesy copies of multi-page exhibits for chambers should be clearly marked with tabbed dividers.

**Civil motion calendar** is conducted on Tuesdays at 2:30 p.m. Parties need not reserve a hearing date for civil motions; however, parties must check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

**A Further Case Management Conference** will be held on the case-dispositive motion hearing cut-off date, whether or not dispositive motions are filed.

Dated: August 15, 2017

_____
CLAUDIA WILKEN
United States District Judge

2

ORDER FOR PRETRIAL PREPARATION

PRETRIAL CONFERENCE

    1.   Not less than 28 days prior to the pretrial conference, counsel shall exchange (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

    2.   At least 21 days before the final pretrial conference, lead counsel who will try the case shall meet and confer with respect to:

        (a)   Preparation and content of the joint pretrial conference statement;

        (b)   Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order for Pretrial Preparation.  To the extent such differences are not resolved, the parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the pretrial conference; and

        (c)   Settlement of the action.

    3.   Not less than 14 days prior to the pretrial conference, counsel shall submit the following.

        (a)   Pretrial Conference Statement.  The parties shall file a joint pretrial conference statement containing the following information:

           (1)   The Action.

           (A)   Substance of the Action.  A brief description of

the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

   (2) The Factual Basis of the Action.

    (A) Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.

    (B) Disputed Factual Issues.  A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes.

   (3) Disputed Legal Issues.  Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

   (4) Further Discovery or Motions.  A statement of all remaining discovery or motions.

   (5) Trial Alternatives and Options.

    (A) Settlement Discussions.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    (B) Consent to Trial Before a Magistrate Judge.  A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

1  (C) Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6) Miscellaneous. Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b) Exhibit List and Objections. The exhibit list shall list each proposed exhibit by its number (see Civil L.R. 30-2(b)), description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into evidence. No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave of the Court for good cause shown. Parties shall also deliver a set of premarked exhibits to the Courtroom Deputy. The exhibit markers shall each contain the name and number of the case, the number of the exhibit, and blanks to accommodate the date admitted and the Deputy Clerk's initials. (Appropriate sample forms are available on the Court's website at www.cand.uscourts.gov). Any objections to exhibits which remain after the pretrial meeting shall be indicated in the pretrial statement.

(c) Witness List. In addition to the requirements of FRCivP 26(a)(3)(A), a brief statement describing the substance of the testimony to be given by each witness who may be called at trial. No party shall be permitted to call any witness in its case-in-chief who is not disclosed in its pretrial statement without leave of Court for good cause shown.

(d) Use of Discovery Responses. In addition to the

requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from interrogatory answers or from responses for admissions intended to be offered at trial. Counsel shall indicate any objections to use of these materials and that counsel have conferred respecting such objections.

(e) Trial briefs. Briefs on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, which remain after the pretrial meeting.

(f) Motions in Limine. Any motions in limine that could not be settled at the pretrial meeting shall be filed with the pretrial statement. All motions in limine shall be contained within one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with each motion listed as a subheading. Opposition to the motions in limine shall be contained within one document, limited to 25 pages, with corresponding subheadings, and filed seven (7) days thereafter.

(g) Joint Proposed Voir Dire. The attached voir dire questionnaire will be given to the venire members, and copies of the responses will be made available to counsel at the beginning of voir dire. Counsel may submit a set of additional requested voir dire, to be included in the questionnaire or posed by the Court, to which they have agreed at the pretrial meeting. Any voir dire questions on which counsel cannot agree shall be submitted separately. Counsel may be allowed brief follow-up voir dire after the Court's questioning.

(h) Joint Proposed Jury Instructions. As applicable, jury instructions §1.1A, §1.1C, §1.2 through §1.17, §1.19, §2.1 through §2.13, §3.1 through §3.3 from the Manual of Model Civil

Jury Instructions for the Ninth Circuit (most recent edition) will be given absent objection.  Counsel shall jointly submit one set of additional proposed jury instructions, to which they have agreed at the pretrial meeting.  The instructions shall be ordered in a logical sequence, together with a table of contents.  Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given.  Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate pages directly following the disputed instruction.

The parties shall email to cwpo@cand.uscourts.gov a copy of their proposed jury instructions in WordPerfect or Word format. The subject of the email should include the name of the parties, the case number and a description of the document.

(i)  Proposed Verdict Forms, Joint or Separate.

(j)  Proposed Findings of Fact and Conclusions of Law (Court Trial only).  The Court requests that the parties hyperlink each proposed Finding of Fact to any supporting evidence.  The parties shall email to cwpo@cand.uscourts.gov a copy of their proposed findings of fact and conclusions of law in WordPerfect or Word format.  The subject of the email should include the name of the parties, the case number and a description of the document.

JURY SELECTION

The Jury Commissioner will summon 20 to 25 prospective jurors.  The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names

1 are called.  Copies of their questionnaires will be provided to
2 counsel.
3     Voir dire will be asked of sufficient venire persons so that
4 eight (or more for a lengthy trial) will remain after all
5 peremptory challenges and an anticipated number of hardship
6 dismissals and cause challenges have been made.
7     The Court will then take cause challenges, and discuss
8 hardship claims from the individual jurors, outside the presence
9 of the venire.  The Court will inform the attorneys which hardship
10 claims and cause challenges will be granted, but will not announce
11 those dismissals until the process is completed.  Each side may
12 then list in writing up to three peremptory challenges.  The
13 attorneys will review each other's lists and then submit them to
14 the Courtroom Deputy.
15     Then, from the list of jurors in numerical order, the Court
16 will strike the persons with meritorious hardships, those excused
17 for cause, and those challenged peremptorily, and call the first
18 eight people in numerical sequence remaining.  Those people will
19 be the jury.
20     All jurors remaining at the close of the case will
21 deliberate.  There are no alternates.

22 SANCTIONS

23     Failure to comply with this Order is cause for sanctions
24 under Federal Rule of Civil Procedure 16(f).

25
26     IT IS SO ORDERED.
27 Dated: August 15, 2017   _____
28     CLAUDIA WILKEN
    United States District Judge

_____

JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly.  Since we want to make copies for the attorneys and the Court, do not write on the back of any page.  If you need more room, continue at the bottom of the page.  Thank you for your cooperation.

1.   Your name: _____

2.   Your age: _____

3    The city where you live: _____

     How long have you lived there:_____

4.   Your place of birth: _____

5.   Do you rent or own your own home? _____

6.   Your marital status: (circle one)

     single    married    live with partner    separated    divorced    widowed

7.   What is your occupation, and how long have you worked in it?

     (If you are retired, please describe your main    occupation

     when you were working).

_____

_____

8.   Who is (or was) your employer?

_____

9.   How long have you worked for this employer? _____

10.  Please list the occupations of any adults with whom you

     live.

_____

11.  If you have children, please list their ages and sex and, if

     they are employed, please give their occupations.

_____

_____

9

12. Please describe your educational background:

    Highest grade completed: _____

    College and/or vocational schools you have attended:

    Major areas of study:_____

13. Have you ever served on a jury before? _____ How many times?_____

    If yes:  State/County Court _____ Federal Court _____

    When? _____

    Was it a civil or criminal case? _____

    Did the jury(ies) reach a verdict? _____

14. Attached is a list of the parties in this case, the law firms representing the parties, attorneys in this case, and persons who are potential witnesses in this case.  Do you know, or think you know, any of the persons listed?

           Yes:_____          No:_____

    If so, make a check next to their name.