IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS GRUBER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ESTATE INFORMATION SERVICES INC,<br><br>　　　　Defendant. | Case No. 17-cv-02189-CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY<br><br>(Dkt. No. 30) |

This is a case alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (TCPA). On September 12, 2017, Defendant Estate Information Services, Inc. filed a motion to stay the case pending (1) the District of Columbia Circuit's decision in ACA International v. Federal Communications Commission, Case No. 15-1211 (D.C. Cir.), which was deemed submitted after oral argument on October 19, 2016, and (2) a possible decision in Marks v. Crunch San Diego, LLC, Case No. 14-56834 (9th Cir.). Plaintiff Nicholas Gruber did not file an opposition. Defendant did not file a reply. On October 20, 2017, the Court found the matter suitable for disposition without oral argument and took it under submission on the papers. Having considered the papers, the Court hereby DENIES Defendant's motion to stay.

DISCUSSION

As a preliminary matter, the Court notes that Plaintiff did not file an opposition or statement of nonopposition to this motion, as required under Civil Local Rule 7-3. See N.D. Cal.

Civ. L.R. 7-3(a), (b). The Court previously warned Plaintiff that his case would be dismissed "if he fails to appear or otherwise comply with the schedule set by the Court, or fails to comply with other rules and Court orders." Docket No. 28. Plaintiff should review the Northern District of California's Civil Local Rules and Standing Orders and may consult with the JDC Legal Help Center with questions about the Court's rules and standing orders. See http://www.cand.uscourts.gov/legal-help.

The Court next turns to the merits of Defendant's motion for stay. In deciding whether to stay a case, the court should weigh the various competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward," and whether the case is likely to be simplified upon granting of a stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 433 (2009). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." Id. (citation and internal quotation and alteration marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. Id.

In ACA International, the D.C. Circuit will consider whether the FCC correctly defined an automatic telephone dialing system (ATDS) in the context of the TCPA. In defining the scope of what constitutes an ATDS, the FCC ruled broadly that "the capacity of an autodialer is not limited to its current configuration but

also includes its potential functionalities." 30 FCC Rcd. 7961, 7974. This is in contrast to current Ninth Circuit case law. The Ninth Circuit has held that the statute is "clear and unambiguous" in defining an ATDS as having the "<u>capacity</u> to store or produce telephone numbers to be called, using a random or sequential number generator." <u>Satterfield v. Simon & Schuster, Inc.</u>, 569 F.3d 946, 951 (9th Cir. 2009) (emphasis original). The FCC's definition is broader because it considers the system's "future potential" to be configured to store or produce telephone numbers to be called using a random or sequential number generator. See Motion at 3-4. A district court in the Southern District of California in <u>Marks v. Crunch San Diego, LLC</u> followed <u>Satterfield</u>'s narrower reading of an ATDS and distinguished the FCC decision, noting that, because "modern-day devices are easily programmable," focusing on potential future capacity would subject "anyone who uses a computer or smartphone" to the TCPA, "which would be an 'absurd result.'" <u>Marks v. Crunch San Diego, LLC</u>, 55 F. Supp. 3d 1288, 1292 (S.D. Cal. 2014). This case is currently on appeal at the Ninth Circuit, but the appeal is stayed pending the D.C. Circuit's opinion.

The D.C. Circuit's opinion will not be controlling in this case. Moreover, "the D.C. Circuit is unlikely to be the final step in the litigation over the FCC's 2015 Omnibus Order. Whichever party is unsuccessful in that court is almost certain to appeal in the Supreme Court." <u>Lathrop v. Uber Techs., Inc.</u>, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016). Thus, a stay pending the final decision in <u>ACA International</u> could be for several years, which would cause harm to Plaintiff.

3

While the Ninth Circuit's decision in Marks would be controlling, there is no indication that the Ninth Circuit is likely to reverse its earlier case holding in Satterfield. In addition, the Ninth Circuit will likely ask for supplemental briefing and will hold another hearing before issuing a final decision, which may be years from now. Such a long stay is likely to harm Plaintiff's interests.

Defendant also has not argued persuasively that the ACA International and Marks decisions on the definition of the ATDS will significantly narrow the case. Defendant contends that Plaintiff's claims could be mooted by either decision. Defendant is mistaken, however, because Plaintiff alleges that Defendant called Plaintiff using an ATDS. Complaint ¶ 12. Regardless of the decisions in ACA International and Marks on whether an ATDS can include systems with future potential capacity, the parties would have to conduct discovery on whether Defendant uses an ATDS with current capacity to be configured to store or produce telephone numbers to be called using a random or sequential number generator. Defendant has not shown that the additional discovery, if any,[1] that will be caused by denial of a stay is so substantial or will cause such a hardship that a stay is necessary. Lathrop, 2016 WL 97511, at *4.

In sum, although ACA International and Marks may clarify some questions of law in this case, this is outweighed by the potential harm of a lengthy stay. Defendant has not shown that

---

[1] The additional discovery of whether Defendant's system has the potential future capacity would appear to be minimal. As the Marks court noted, many modern devices have potential future capacity. Marks, 55 F. Supp. 3d at 1292.

4

this is one of the "rare circumstances" in which a stay pending resolution of an appeal in another case is appropriate. Landis v. N. Am. Co., 299 U.S. 248, 255 (1936).

CONCLUSION

Defendant's motion for stay (Docket No. 30) is DENIED.

The Court again WARNS Plaintiff that he must comply with all orders and rules of this Court, including the schedule set by the Court in the case management order, and must attend all scheduled court appearances, including the settlement conference with Magistrate Judge Westmore currently set for January 19, 2018 at 11:00 AM. See Docket Nos. 28, 37. If he fails to do so, his case will be dismissed for failure to prosecute. See Docket No. 28. Plaintiff may consult with the JDC Legal Help Center with questions about the Court's rules and standing orders. See http://www.cand.uscourts.gov/legal-help.

IT IS SO ORDERED.

Dated: November 27, 2017

CLAUDIA WILKEN
United States District Judge